UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT ) | | |
| OPPORTUNITY COMMISSION, ) | | |
| ) | | |
| Plaintiff, ) | CIVIL ACTION NO. | |
| v. ) | 5:15-CV-00636 | |
| ) | | |
| MAYFLOWER SEAFOOD ) | COMPLAINT | |
| OF GOLDSBORO, INC., ) | | |
| ) | **JURY TRIAL DEMAND** | |
| Defendant. ) | | |
| _____ ) | | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Liza Hill ("Hill") who was adversely affected by such practices. As alleged with greater specificity below, Defendant Mayflower Seafood of Goldsboro, Inc. ("Defendant") subjected Hill to sexual harassment that created a sexually hostile work environment because of her sex, female, in violation of Title VII. In addition, Defendant retaliated by taking adverse employment actions against Hill because of her complaints to Defendant about the sexual harassment and/or her threat to file criminal charges related to the harassment and/or her actual filing of criminal charges against Defendant's employees who perpetrated sexual harassment against her.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation and doing business in the State of North Carolina and the City of Goldsboro, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## CONDITIONS PRECEDENT TO FILING LAWSUIT

6. More than thirty days prior to the institution of this lawsuit, Hill filed a charge with the Commission alleging violations of the Title VII by Defendant.

7. On June 5, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Hill was subjected to a sexually hostile work environment and that Respondent reduced Hill's work hours, suspended her, and removed her from Defendant's work schedule in retaliation for engaging in protected activity. The Letter of Determination also invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On July 18, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

Sexual Harassment

12. From around May 2012 until around September 2013, Defendant engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2. Specifically, Defendant subjected Hill to harassment that created a sexually hostile work environment because of Hill's sex, female, at Defendant's facility located in Goldsboro, NC.

13. The sexually harassing conduct that Hill was subjected to was perpetrated by Defendant's male restaurant manager and four male co-workers who worked on Defendant's kitchen staff.

14. Defendant's restaurant manager subjected Hill to unwelcome sexual comments on an almost daily basis. The comments that were made almost daily included references to Hill's breasts, like stating that Hill would make a lot of tips because of her breast size and that he, the restaurant manager, wanted to squeeze and bite Hill's breasts. At least monthly, the restaurant manager also asked Hill for sexual favors, including both oral and anal sex. The restaurant

manager also talked about his sexual relationship with his girlfriend to Hill on an almost weekly basis, including providing details of their sex acts.

13.     In addition, on one occasion while Hill was sitting at a restaurant table, the restaurant manager poked Hill in her left breast with a steak knife and made a comment about liking big breasts.  When Hill got up to leave the table, the restaurant manager asked Hill whether she was going to the restroom to masturbate.

14.     Four male co-workers on Defendant's kitchen staff also subjected Hill to almost daily  sexual comments, including things like telling Hill that she is pretty, asking Hill to be their girlfriend, and asking Hill for sex, including anal sex.  In addition, at least two of these co-workers showed Hill pictures of naked women on their cell phones.

15.     The co-workers also subjected Hill to unwelcome touching.   On one occasion, a co-worker followed Hill into the cooler and pressed his erect penis against her buttocks.  On another occasion, a different co-worker slapped Hill's buttocks with his hand.  A third co-worker rubbed Hill's crotch with his foot.

16.     The harassment was severe as it involved explicit sexual comments and the unwelcome touching of Hill's body parts by the restaurant manager and co-workers.  The harassment was also pervasive as it occurred on a near daily basis.

17.     The harassment was unwelcome to Hill.  Hill refused the sexual advances made to her and told the restaurant manager and kitchen staff to stop the offensive sexual behavior that was being directed to her.

18.     Defendant is liable for the sexual harassment perpetrated by Defendant's restaurant manager because the restaurant manager was a supervisor in Hill's direct line of supervision.  Defendant is liable for the sexual harassment perpetrated by Hill's co-

4

workers because, as discussed below, Hill complained about their conduct to her immediate supervisor but Defendant failed to stop the harassment.

Retaliation

19. Between approximately September 15, 2013 and January 22, 2014, Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. §2000(e)-3. Specifically, Defendant suspended Hill, reduced Hill's work hours, and discharged Hill in retaliation for Hill complaining to Defendant about the sexual harassment and/or Hill threatening to file criminal charges because of the harassment and/or Hill actually filing criminal charges against some of Defendant's employees who perpetrated the sexual harassment.

20. On or about September 5, 2013, Hill complained to her immediate supervisor about the sexual harassment by the co-workers. During the following week, the co-workers retaliated against Hill by yelling at her and mixing up her food orders. On or around September 13, 2013, Hill again complained to her immediate supervisor about the co-worker's behavior toward her. Two days later on or about September 15, 2013, Hill's immediate supervisor informed Hill that Hill was being suspended for ten (10) days.

21. On September 15, 2013, immediately after being informed of her suspension, Hill complained to the restaurant manager about the suspension and the sexual harassment by her co-workers and the restaurant manager. Hill's suspension was upheld and Hill was suspended without pay for ten (10) days.

22. On or about September 15, 2013, Hill told Defendant's restaurant manager she intended to file criminal charges against the restaurant manager and two of the co-workers who had been sexually harassing her. That same day (September 15, 2015), immediately after Hill complained to Defendant's restaurant manager and stated her intent to file criminal charges, Hill's hours were reduced.

23. On September 30, 2013, Hill filed criminal charges against Defendant's restaurant manager and two of the co-workers who had been sexually harassing her. On October 3, 2013, Defendant's restaurant manager and the two co-workers against whom Hill filed charges were arrested.

24. The next day, October 4, 2013, Defendant further reduced Hill's work hours.

25. On January 17, 2014, the restaurant manager and co-workers against whom Hill filed charges were convicted in district court. On January 22, 2014, Defendant's owner sent Hill a letter informing her that she was being suspended indefinitely. Hill was immediately removed from Defendant's work schedule and has not been scheduled for work for Defendant since January 22, 2014.

26. Based on the foregoing, Defendant subjected Hill to sexual harassment that created a sexually hostile work environment because of her sex, female. Defendant also retaliated against Hill because of her complaints about the sexual harassment and/or her threat to file criminal charges related to the harassment and/or her actual filing of criminal charges against some of Defendant's employees who perpetrated acts of sexual harassment against her.

27. The effect of the practices complained of above has been to deprive Hill of equal employment opportunities and otherwise adversely affect Hill's status as an employee because of her sex.

28. The unlawful employment practices complained of above were intentional.

29. The unlawful employment practices complained above were done with malice or with reckless indifference to Hill's federally protected rights.

## PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment and all other employment practices that discriminate on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with Defendant, from retaliating against individuals for engaging in protected activity.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Hill whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial.

E. Order Defendant to make Hill whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

F. Order Defendant to make Hill whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

G. Order Defendant to pay Hill punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 7th day of December, 2015.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOWYLN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity
Commission
131 M Street, NE
Washington, DC 20507

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
NC Bar No. 19732

KARA GIBBON HADEN
Supervisory Trial Attorney
NC Bar No. 26192
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC  28202

/s/ Zoë G. Mahood
ZOË G. MAHOOD
Senior Trial Attorney
NC Bar No. 21722
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC  27601
Phone:  (919) 856-4080
Fax:     (919) 856-4156
Email:  Zoe.Mahood@eeoc.gov