IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.5:15-CV-636-BO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>               Plaintiff,<br><br>v.<br><br>MAYFLOWER SEAFOOD OF GOLDSBORO, INC.,<br><br>               Defendant. | <u>O R D E R</u> |

This cause comes before the Court on a motion to intervene as plaintiff by Liza Hill. [DE 14]. Plaintiff has no objection to Hill's intervention. Defendant does not oppose Hill's intervention as of right as to plaintiff's Title VII claims, but opposes Hill's intervention to assert additional state law claims against defendant and additional parties. As Hill's request to intervene in plaintiff's Title VII claims is without opposition, such request is GRANTED. The Court will further permit Hill to assert state law claims against Mayflower and additional defendants.

## BACKGROUND

The Equal Employment Opportunity (EEOC) filed this action alleging unlawful employment actions by defendant on the basis of sex and to provide appropriate relief to Liza Hill who was adversely affected by defendant's practices. EEOC alleges that Hill was subjected to sexual harassment that created a sexually hostile work environment because of plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2. EEOC further alleges that defendant retaliated against Hill by subjecting her to adverse employment actions

because of Hill's complaints to defendant about her sexual harassment and her threat and actual filing of criminal charges against employees of defendant who perpetrated sexual harassment against her.

## DISCUSSION

Rule 24 of the Federal Rules of Civil Procedure provides that a court must allow a party to intervene in an action where the party is given unconditional right to do so. Fed. R. Civ. P. 24(a). Under Title VII, where the EEOC has filed an action against an employer, the person or persons aggrieved shall have the right to intervene in the civil action. 42 U.S.C. § 2000e-5(f)(1). Therefore, and without opposition from EEOC or defendant, Hill's motion to intervene as a plaintiff in this matter is granted.

The Court further determines that it will exercise supplemental jurisdiction over Hill's state law claims raised in her complaint in intervention. Hill's complaint in intervention, in addition to claims under Title VII, raises claims under North Carolina state law for assault; battery; intentional and negligent infliction of emotional distress; negligent hiring, supervision, training, and retention; and wrongful discharge in violation of public policy.[1] [DE 14-1]. Hill names as additional defendants Dimitis Kappas, Carlos Roderto, Panagiotis Tsiakmakis, and Rigoberto Garcia, all of whom are or were either employees or members of defendant Mayflower Seafood and each of whom directly participated in the sexual harassment of and retaliation against Hill.

---

[1] As correctly noted by Hill, Mayflower's argument that her state law claim for wrongful discharge cannot proceed in light of the General Assembly's passage of House Bill 2, N.C. Session Law 2016-3, fails. N.C. Session Law 2016-3 expressly provides that it becomes effective when the act becomes law and applies to any action taken on or after that date. N.C. Session Law 2016-3, Section 5. Moreover, N.C. Session Law 2016-99 restores the state tort claim for wrongful discharge, effective March 23, 2016. Defendant's argument is therefore without merit.

2

While the Court has federal question jurisdiction over Hill's Title VII claims, it may only exercise jurisdiction over her state law claims if they are part of the same case or controversy. 28 U.S.C. § 1367(a). As they arise from the same behaviors and actions which form the basis of EEOC and Hill's Title VII claims and are the kind of claims which may be expected to be tried alongside her sexual harassment claims, Hill's state law claims plainly "derive from a common nucleus of operative fact" and the Court may properly exercise supplemental jurisdiction over them. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *cf. Hales v. Winn-Dixie Stores, Inc.*, 500 F.2d 836, 848 (4th Cir. 1974) (declining to find pendent jurisdiction where claims may be determined without any reference to factual allegations or contentions stated in claim over which court had original jurisdiction). Further, the Court finds that allowing Hill to prosecute her state law claims against Mayflower Seafood and the individual defendants along with her Title VII claims will not cause any undue delay or prejudice. Discovery is not currently set to conclude until December 30, 2016, and although the addition of claims and defendants may necessitate a brief extension of the current deadlines, the Court will not permit the schedule of the case to be too long delayed.

## CONCLUSION

Accordingly, for the foregoing reasons, Hill's motion to intervene [DE 14] is GRANTED. Hill shall file her complaint in intervention not later than August 9, 2016.

SO ORDERED, this 2 day of Aug, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3